UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
In re:

Hassnae Galhoum,

              Debtor.

------------------------------------------------------x

Case No. 1-18-46942-jmm
Chapter 13
HON.  Jil Mazer-Marino

## NOTICE OF MOTION

**PLEASE TAKE NOTICE,** that upon the annexed application of attorneys for PHH MORTGAGE CORPORATION AS SERVICER FOR HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR FREMONT HOME LOAN TRUST 2006-C, MORTGAGE-BACKED CERTIFICATES, SERIES 2006-C (hereinafter "Movant"), the undersigned respectfully moves this Court for an order, pursuant to 11 U.S.C. § 362(d)(1) and 11 U.S.C. § 1301(c) terminating the automatic stay herein as to the lien interest of Movant in real property of the debtor commonly known as 34-12 Murray Lane, Flushing, NY 11354 together with Movant attorney's fees and costs as set forth in amount in the motion and such other and further relief as to the Court may seem just and proper.

**PLEASE TAKE FURTHER NOTICE** that this motion shall be returnable on the 15th day of June, 2021 at 10:00 a.m. of that day, or as soon thereafter as counsel can be heard, before the Hon. Jil Mazer-Marino at U.S. Bankruptcy Court, Eastern District of N.Y., Conrad B. Duberstein Courthouse, Courtroom 3529, 271-C Cadman Plaza East - Suite 1595, Brooklyn, NY 11201-1800**.**

**PURSUANT TO BANKRUPTCY RULE 9014 AND LOCAL BANKRUPTCY RULE 9006-1(b), IF YOU INTEND TO OPPOSE THE MOTION, YOU MUST SERVE ON MOVANT'S COUNSEL AND FILE WITH THE CLERK OF THE BANKRUPTCY**

**COURT, WRITTEN OPPOSITION TO THE MOTION SO AS TO ENSURE ACTUAL RECEIPT NOT LATER THAN SEVEN (7) DAYS BEFORE THE RETURN DATE.**

DATE: May 3, 2021
        Westbury, NY

ROBERTSON, ANSCHUTZ, SCHNEID, CRANE AND PARTNERS, PLLC
Attorney for Secured Creditor
900 Merchants Concourse, Suite 310
Westbury, NY 11590
Phone: (516) 280-7675
Fax: (516) 280-7674

By: /s/ Kathy McCullough Day
Kathy McCullough Day, Esq.
Email:kaday@raslg.com

TO:

*Debtor*
Hassnae Galhoum
34-12 Murray Lane
Flushing, NY 11354

*Co-Debtor*
Saleh Kalil
34-12 Murray Lane
Flushing, NY 1135

*Debtor's Counsel*
Roy J Lester
Lester Korinman Kamran & Masini, P.C.
600 Old Country Road
Suite 229
Garden City, NY 11530

*Trustee*
Michael J. Macco
2950 Express Drive South
Suite 109
Islandia, NY 11749

*U.S. Trustee*
Office of the United States Trustee
Eastern District of NY (Brooklyn Office)
U.S. Federal Office Building
201 Varick Street, Suite 1006
New York, NY 10014

*Chamber's Copy*
Hon. Jil Mazer-Marino
U.S. Bankruptcy Court, EDNY
Conrad B. Duberstein Courthouse
271-C Cadman Plaza East - Suite 1595
Brooklyn, NY 11201-1800

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re:
Hassnae Galhoum,

                    Debtor.
-------------------------------------------------------x

Case No. 1-18-46942-jmm
Chapter 13
HON. Jil Mazer-Marino

## MOTION FOR RELIEF FROM AUTOMATIC STAY & RELIEF FROM CO-DEBTOR STAY

**TO:**    **THE HONORABLE JIL MAZER-MARINO**
        **UNITED STATES BANKRUPTCY JUDGE**

Movant, PHH MORTGAGE CORPORATION AS SERVICER FOR HSBC Bank USA, National Association, as Trustee for Fremont Home Loan Trust 2006-C, Mortgage-Backed Certificates, Series 2006-C (the "Movant"), by and through the undersigned counsel, hereby moves this Court, pursuant to 11 U.S.C. §§ 362(d)(1) and 11 U.S.C. § 1301(c), for a modification of the automatic stay provisions for cause, and, in support thereof, states the following:

1. Hassnae Galhoum (the "Debtor"), filed a voluntary petition pursuant to Chapter 13 of the United States Bankruptcy Code on December 3, 2018.

2. On June 30, 2006, Debtor and Co-Debtor, Saleh Kalil, executed and delivered a Promissory Note ("Note") and a Mortgage ("Mortgage") securing payment of the Note in the amount of $704,000.00 to Fremont Investment & Loan. The Mortgage, encumbering the real property located at 34-12 Murray Lane, Flushing, NY 11354 (the "Property"), was recorded on August 7, 2006 in Instrument Number 2006000444097 of the Public Records of Queens County, New York. Thereafter, the Note and Mortgage were transferred to Movant by an Assignment of Mortgage and properly endorsed Note. Subsequently, the terms and conditions of the Note and Mortgage were modified pursuant to the Loan Modification Agreement ("Modification") signed

July 1, 2015, creating a new principal balance in the amount of $676,671.39 with a deferred principal balance of $199,800.00. True and accurate copies of documents establishing a perfected security interest and ability to enforce the terms of the Note are attached hereto as Composite Exhibit "A." The documents include copies of the Note with any required indorsements, Recorded Mortgage, Modification, Assignment(s) of Mortgage, and any other applicable documentation supporting the right to seek a lift of the automatic stay and foreclose, if necessary.

3. PHH Mortgage Corporation services the underlying mortgage loan and note for the property referenced in this Motion for HSBC Bank USA, National Association, as Trustee for Fremont Home Loan Trust 2006-C, Mortgage-Backed Certificates, Series 2006-C (hereinafter, "Noteholder") and is entitled to proceed accordingly. Should the Automatic Stay be lifted and/or set aside by Order of this Court or if this case is dismissed or if the Debtor obtains a discharge and a foreclosure action is commenced or recommenced, said foreclosure action will be conducted in the name of the noteholder. The Noteholder has the right to foreclose because Note holder is the original mortgagee or beneficiary or assignee of the security instrument for the referenced loan. Note holder directly or through an agent has possession of the promissory note and the promissory note is either made payable to Note holder or has been duly endorsed.

4. Co-Debtor is liable on and/or has secured the aforementioned debt with the Debtor.

5. The terms of the aforementioned Note and Mortgage have been in post-petition default, and remain in default. Debtor has failed to make the current monthly mortgage payments due to Movant under the terms of the modified Mortgage. According to Movant's Relief from Stay-Real Estate and Cooperative Apartments Worksheet ("Worksheet"), as of March 31, 2021, the Mortgage is due for the January 1, 2020 through the September 1, 2020 payments, each payment in the amount of $2,595.08, and due for the October 1, 2020 through the March 1, 2021

payments, each payment in the amount of $2,529.66, for a total of $36,805.55 (less the suspense balance of $1,728.13) due to Movant in missed payments. A true and accurate copy of the Worksheet and Movant's Affidavit is attached hereto as Exhibit "B."

6.  That by failing to make mortgage payments, the Debtor has failed to provide Movant with adequate protection for its security, entitling Movant, its successors and/or assigns, to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1).

7.  According to the Debtor's Schedule A/B, the value of the Property is $965,000.00. A copy of the Debtor's Schedule A/B, which is a permissible property valuation under Fed. R. Evid. 803(8) is attached hereto as Exhibit "C."

8.  Based upon the Debtor's Confirmed Third Amended Chapter 13 Plan (Docket No.34 & No.36), the property is treated outside the plan and Secured Creditor will receive payments directly included within the plan.

9.  Movant's security interest in the Property is being jeopardized by Debtor's and Co-Debtor's failure to comply with the terms of the subject loan documents while Movant is prohibited from pursuing lawful remedies to protect such interest. Movant has no protection against the erosion of its Property position and no other form of adequate protection is provided.

10. If Secured Creditor is not permitted to enforce its security interest in the collateral or be provided with adequate protection, it will suffer irreparable injury, loss, and damage.

11. Secured Creditor respectfully requests the Court grant it relief from the Automatic Stay in this case pursuant to §362(d)(1) of the Bankruptcy Code, for cause, namely the lack of adequate protection to Secured Creditor for its interest in the above stated collateral.

12. Further, Movant respectfully requests relief from the Co-Debtor Stay as expressed in 11 U.S.C. § 1301(a) be terminated pursuant to 11 U.S.C. § 1301(c), to the extent it applies to

the Co-Debtor. In support of said request, it is respectfully submitted that the Co-Debtor received consideration for the claim held by the Movant as least in the form of money loaned by the Movant. It is respectfully submitted that the continuation of the stay as it pertains to the Co-Debtor would irreparably harm Movant in the absence of post-petition payments.

13. If Movant is not permitted to enforce its security interest in the Property or be provided with adequate protection, it will suffer irreparable injury, loss, and damage.

14. The Trustee shall be notified of any surplus monies realized upon sale of the property in a foreclosure proceeding brought by Movant.

15. No previous application has been made for the relief request herein**.**

**WHEREFORE**, Movant, prays this Honorable Court enter an order modifying the automatic stay under 11 U.S.C. §§ 362(d)(1) and 11 U.S.C. § 1301(c), to permit Movant to take any and all steps necessary to exercise any and all rights it may have in the collateral described herein, to gain possession of said collateral, and for any such further relief as this Honorable Court deems just and appropriate.

DATE: May 3, 2021
      Westbury, NY

                                        ROBERTSON, ANSCHUTZ, SCHNEID, CRANE
                                        AND PARTNERS, PLLC
                                        Attorney for Secured Creditor
                                        900 Merchants Concourse, Suite 310
                                        Westbury, NY 11590
                                        Phone: (516) 280-7675
                                        Fax: (516) 280-7674

                                        By: /s/ Kathy McCullough Day
                                        Kathy McCullough Day, Esq.
                                        Email:kaday@raslg.com